[No. 16017.   Department One.   November 22, 1920.]

MAYNARD MAYER, *Appellant,* v. STUART RICE,
*Respondent.*[1]

GUARDIAN AND WARD (4)—INSANE PERSONS (8)—APPOINTMENT—
NOTICE.   Under Laws of 1917, p. 697, §§ 197, 198, requiring notice of
an application for the appointment of a guardian of an insane per-
son to be served upon the ward or upon the person having his
custody, an appointment without notice is void for want of juris-
diction.

SAME.   Laws of 1917, p. 699, § 201, requiring notice of an applica-
tion for the appointment of a guardian of an insane person to be
served upon the prosecuting attorney must be complied with.

SAME.   The fact that an emergency exists requiring the appoint-
ment of a conservator of an estate until a guardian can be appointed,
does not authorize the court to appoint a general guardian without
any notice whatever, under Laws of 1917, p. 706, § 219, relating to cir-
cumstances where the general statutes are insufficient to confer full
power and authority to administer an estate.

GUARDIAN AND WARD—APPOINTMENT—SETTING ASIDE.   Where an
order appointing a guardian is void for want of jurisdiction, the
court has power, upon citation and notice to the guardian, to enter
an order setting aside the order of appointment.

Appeal from an order of the superior court for
Pierce county, Card, J., entered June 17, 1920, denying
a motion to vacate an order appointing a guardian,
after a hearing before the court.   Reversed.

*Gustave B. Aldrich,* for appellant.

*Lyle, Henderson & Carnahan,* for respondent.

FULLERTON, J.—On February 3, 1920, one C. L.
Brownell filed a petition in the superior court of Pierce
county praying for the appointment of a guardian of
the estate of Maynard Mayer.   In his petition the pe-
titioner alleged that Mayer had suffered a stroke of
paralysis and was in a semi-conscious condition, un-

[1]Reported in 193 Pac. 723.

able to talk, unable to transact or look after his own business, and was then confined in one of the hospitals of the city of Tacoma, under the care of Dr. A. M. Flynn; that Mayer was then, and for a number of years prior thereto had been, engaged in conducting a hardware business in the city of Tacoma; that his stock of goods was of the value of several thousands of dollars, and that he had, as the petitioner was informed and believed, money, jewelry and other valuables at his place of business; that a number of persons had keys to his place of business, were entering the place daily without right or authority, and that, unless some person was appointed by the court to take charge of his affairs, his property would be stolen and carried away. It was further alleged that Mayer, to the petitioner's knowledge, had no relatives, except a sister in Ohio and a brother in Mexico.

Afterwards, and on the same day, the court heard the petition, and finding that there was a necessity for the appointment of a guardian, forthwith appointed one Stuart Rice as such, directing that general letters of guardianship be issued to him upon his giving bond and qualifying as provided by law. No notice of the application was issued, nor was service made thereof in the manner prescribed by the statute, or at all.

Rice immediately gave the bond and filed his oath as directed by the court, and general letters of guardianship were issued to him bearing date of the day of the filing of the petition.

The guardian so appointed took possession of the property and business of Mayer, and conducted the business as a going concern during the time he acted as guardian. No claims of general creditors were presented to the guardian. Claims, however, for expenses incurred during the illness of the ward were so pre-

sented. These the guardian submitted to the court for approval as they were presented, and paid them only upon receiving the authorization of the court so to do.

On April 7, 1920, the guardian filed a report of his acts as guardian with the clerk of the court. The report contained a statement of his account with the estate, recited that Mayer had so far recovered in health as to be able to manage his own affairs, and prayed that the account be approved, that an allowance be made to him for his services and the services of his attorney. and that he be discharged as guardian and that his bondsman be exonerated.

The court fixed a time for hearing the report, and directed that Mayer be served with notice thereof. At the time of the hearing, the court entered an order approving the report. It allowed the guardian $100 for his services and $70 for the services of his attorney, and directed that the property remaining in the guardian's possession be turned over to Mayer, and that, upon a compliance therewith, the guardian's bondsman be exonerated. Mayer did not appear at the hearing. Whether he was served with notice thereof does not appear farther than it is so recited in the order of the court. The order bears date of April 13, 1920.

On May 26, 1920, Mayer, appearing specially for that purpose, moved the court to set aside and quash the guardianship proceedings and the several orders made therein, basing the motion on the ground that the proceedings were void for want of jurisdiction.

A citation was issued and served upon the guardian, and a hearing was had upon the motion on June 20, 1920, at. which time the motion was denied. In the order entered denying the motion, the court again found as facts the matters set forth in the petition. It does not appear, however, that any evidence was taken

at this hearing. On the contrary, it is recited in another part of the order that the "only question raised" was the question whether the court had jurisdiction to appoint a general guardian on the record as it appeared. This appeal is from the last mentioned order.

The statute (Laws of 1917, p. 697, § 195) grants power to the superior court of any county to appoint guardians for the persons and estates of minors, insane and mentally incompetent persons resident of such county, and of the estates of persons nonresident when the estate is within the county and needs care and attention. The statute, however, further provides (pp. 697, 698, §§197, 198) that when a petition duly verified is presented to the superior court for the appointment of a guardian of the person or estate of a minor, insane or mentally incompetent person, resident of the county, the court shall make an order setting a time for the hearing of the petition, and cause notice of the hearing to be issued, and

"personally served upon the person having the custody, care and control of such minor, insane or mentally incompetent person, or the person with whom such minor, insane or mentally incompetent person resides, and if such minor, insane or mentally incompetent person be over the age of fourteen years, then such notice shall be personally served upon such minor, insane or mentally incompetent person also. If such minor, insane or mentally incompetent person be in the care, custody or control of any officer or institution, then such notice shall be served upon such officer or head of such institution. The notice herein provided for shall be served at least ten days prior to the time set for such hearing, and proof, as in civil actions provided, of such service shall be made and filed in the proceedings."

Section 201 (Laws of 1917, p. 699) also provides that, in all cases for the appointment of a guardian,

the petition or a copy thereof shall be submitted to the prosecuting attorney of the county, whose duty it shall be to appear for such minor, insane or incompetent person at such hearing, unless the person is represented by other counsel.

On the merits of the case little need be said. It is clear that the court acted without jurisdiction. The proceeding is statutory, and a substantial compliance with the statute is necessary to the appointment of a legally constituted guardian. Here there was no compliance, or purported compliance, with the statute relating to the giving and service of notice. The court, on the presentation of the petition, appointed the guardian without notice of any kind, notwithstanding it appeared from the very petition upon which the appointment was made that the person for whose property the appointment was sought was within the jurisdiction of the court and under the care and control of another, and in an institution which must from its very description have had a head. As we held in *State ex rel. Lowary v. Superior Court,* 41 Wash. 450, 83 Pac. 726, the requirement that service be made on the person having the care and control of the minor, insane or mentally incompetent person is jurisdictional, and any appointment of a general guardian without giving such notice is void.

The guardian seeks to find authority for the action of the court in §§ 200 and 219 of the act of the legislature above cited (Laws of 1917, pp. 699, 706). The first of these provides that, in cases for the appointment of a guardian where notice cannot be given as in the act provided, "the court may require such notice as to it may seem right and proper and take such proceedings as it shall determine upon with reference to the appointment of such guardian." This

section cannot aid the proceedings. In the first place, nothing appeared showing that notice could not be served as in the act provided—on the contrary, it affirmatively appeared that such notice could have been given—and in the second place, the section by its very language contemplates some form of notice, and, as we have shown, no notice in any form was given, not even the notice to the prosecuting attorney required by the next succeeding section. It may be here proper to remark that notice to the prosecuting attorney of an application for the appointment of a guardian should not be regarded by the courts as an idle ceremony. That officer's duties are of a public nature. He views the proceedings from a disinterested standpoint and will scrutinize with more care the facts upon which the application is based than will the applicants for the appointment. The applicants are not always disinterested, even where they are related to the person for whose property the application is made and have a contingent interest in his property as heirs at law, and a stranger to the person and his property, as the applicant was in this instance, usually apply because they foresee some benefit to accrue to themselves by reason of the appointment.

The other section upon which reliance is placed reads as follows:

"It is the intention of this act that the courts mentioned shall have full and ample power and authority to administer and settle all estates of decedents, minors, insane and mentally incompetent persons in this act mentioned. If the provisions of this (act) with reference to the administration and settlement of such estates should in any cases and under any circumstances be inapplicable or insufficient or doubtful, the court shall nevertheless have full power and authority to proceed with such administration and settlement in any manner and way which to the court seems right

and proper, all to the end that such estates may be by the court administered upon and settled." Laws of 1917, p. 706, § 219.

It is contended that, because of the somewhat peculiar facts presented, the general statutes were insufficient, inapplicable and doubtful, hence the court could, under this section, direct the estate to be administered upon in any manner which to it seemed right and proper. But we cannot think the contention tenable. The application of the general statutes were not inapplicable, insufficient nor doubtful. On the contrary, the case was one falling within the rules there laid down, and nothing interfered with the giving of the notices therein required. It is possible that, under this and other provisions of the statute, the court can, where an emergency exists for the immediate preservation of property, appoint some person to conserve the property until a guardian can be appointed after notice; but be this as it may, it does not dispense with notice in any case where it is possible to give notice. Our conclusion is that the proceedings were void.

It remains to inquire whether the appellant is entitled to the relief for which he asks. In *Stark Brothers v. Royce,* 44 Wash. 287, 87 Pac. 340, we held that a void judgment could be set aside on motion, and in the case of *State ex rel. Lowary v. Superior Court, supra,* where the proceedings to vacate the order appointing a guardian were substantially the proceedings adopted here, we held the proceedings appropriate, that the order appointing the guardian was without jurisdiction and void, and reversed the order of the trial court with instructions to vacate the order of appointment. The principle of the cases is applicable to the present case and warrants the relief for which the appellant asks.

The order appealed from is reversed, and the cause remanded with instruction to enter an order setting aside the order appointing the guardian of the estate of the appellant, and all of the subsequent orders made in such cause. The appellant will recover his costs on this appeal.

PARKER, MOUNT, MACKINTOSH, and BRIDGES, JJ., concur.