[No. 17621.    Department Two.    June 27, 1923.]

THE STATE OF WASHINGTON, *on the Relation of N. Glesin, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *John S. Jurey, Judge Pro Tempore, Respondents.*[1]

DIVORCE (94)—ORDERS—PENDING APPEAL—JURISDICTION. Since the perfection of an appeal under Rem. Comp. Stat., § 1731, in a divorce case ousts the superior court of all jurisdiction except for the purpose of making orders that will insure an efficient preparation of the case on appeal, the superior court cannot, after appeal perfected, enter an order in the case requiring the appellant husband to pay $500 to enable the wife to make a defense to deportation proceedings, instigated by him against her; since the same in no way will aid her or have any bearing upon her defense in the pending divorce.

APPEAL (232) — SUPERSEDEAS — WHEN GRANTED — APPEAL FROM MONEY JUDGMENT. An order requiring a husband to immediately pay $500 to aid his wife in resisting deportation proceedings, instigated by him against her, stands upon the same footing as any other money judgment, and is supersedable on appeal, as a matter of right, under Rem. Comp. Stat., § 1722.

Application filed in the supreme court October 11, 1922, for a writ of mandamus to compel the superior court for King county, John S. Jurey, judge *pro tempore,* to fix the amount of a supersedeas bond. Granted.

*Max Hardman* and *Mark M. Litchman,* for relator.
*Allen & Griffith,* for respondent.

[1]Reported in 216 Pac. 353.

TOLMAN, J.—This is an original application for a writ of mandate and prohibition to be directed to the respondents, and grows out of the case of *Glesin v. Glesin, ante* p. 339, 216 Pac. 353.

While that case was pending on appeal in this court, on application of the plaintiff therein, the superior court made an order requiring the defendant there (the relator here) to pay forthwith to the plaintiff's attorneys the sum of $500 on account of attorney's fees and incidental expenses to be used by them in defending the plaintiff in that case in a proceeding then pending before the United States immigration authorities, seeking her deportation as an alien unlawfully and improperly within the United States. At the time of the entry of the order and in open court, the relator gave notice of appeal to this court, and made application to the respondent judge *pro tem* for an order fixing the amount of the supersedeas bond, to the end that he might thereby stay proceedings upon such order until the appeal should be heard and disposed of by this court. The trial judge held that the order referred to could not be stayed on appeal, and refused to fix the amount of supersedeas bond, whereupon relator brought this proceeding in this court, seeking a writ of mandate requiring the trial court to fix the amount of the supersedeas bond, and prohibiting that court from attempting to enforce its order until the matter should be passed upon here. The alternative writ issued and the matter was argued and submitted here, but held in abeyance pending the disposition of the motion to dismiss the appeal in the original cause. That appeal having been dismissed, we are now required to pass upon the issues presented by this application.

Respondents' return to the alternative writ sets forth:

"That in making said order, this court held from the facts as they then appeared before them, that the said Jennie Glesin had peaceably come into the United States, that her presence therein was not being objected to by any person, that she was not in any wise annoying the defendant, but was living quietly with her mother, Lena Kaplan, and that the charge that she was illegally or unlawfully within the United States, and her arrest thereon, was caused and instigated unnecessarily by the said N. Glesin in order to aid his own application for naturalization, which was then pending, and about to be heard; that the said Jennie Glesin, honestly claimed the right to remain in the United States and in good faith desired to defend such right and to properly have the matter presented. That to do so, it was necessary that she obtain witnesses, testimony of medical experts, and employ counsel, which she could not do unless furnished with sufficient money, as she had no money and no way of raising it. That the community existing between her and the defendant, the relator, had property to the reasonable value of at least twenty thousand ($20,000) dollars, from which there was an annual net income of five thousand ($5,000) dollars, all of which was in the possession and under the control of the defendant, the relator herein.

"That upon the entry of said order, Exhibit 'H', the defendant in open court, gave notice of an appeal to the supreme court and did request the court to fix the amount of a supersedeas bond in order to supersede the same, but the court, being of the opinion that if said order was superseded, the said Jennie Glesin would be deprived of all benefit therefrom; that she would be unable to defend her claimed right to remain within the United States and to resist the charge of being unlawfully therein, and prior to the hearing of the appeal she would in all probability be deported, denied the application."

Relator relies upon the statute, Rem. Comp. Stat., § 1731 [P. C. § 7316], which reads as follows:

"Upon the taking of an appeal by notice as provided in this title, and the filing of a bond to render the appeal effectual, the supreme court shall acquire jurisdiction of the appeal for all necessary purposes, and shall have control of the superior court and of all inferior officers in all matters pertaining thereto, and may enforce such control by a mandate or otherwise, and, if necessary, by fine and imprisonment, which imprisonment may be continued until obedience shall be rendered to the mandate of the supreme court. But the superior court shall, nevertheless, retain jurisdiction for the purpose of all proceedings by this act provided to be had in such court, and for the purpose of settlement and certifying the bills of exceptions and statements of facts, and for all purposes in so far as the cause is not affected by the appeal."

Under this statute we have long held that the perfecting of an appeal in a divorce action ousts the trial court of jurisdiction to alter or modify its decree with reference to the custody of children. *State ex rel. Wilkerson, v. Superior Court,* 108 Wash. 15, 183 Pac. 63, and cases there cited. Respondents, however, rely upon *Griffith v. Griffith,* 71 Wash. 56, 127 Pac. 585, 128 Pac. 636, where, on rehearing, it was determined that the rule laid down by the dissenting opinion in *Holcomb v. Holcomb,* 49 Wash. 498, 95 Pac. 1091, should be adopted. That rule is that, notwithstanding the appeal, the superior court retains jurisdiction in divorce actions for the purpose of making such orders as will insure the wife an efficient preparation and presentation of her case on appeal. These rules are both reasonable, salutary, and are not inconsistent one with the other, and as the reasons for each are fully set forth in the cases referred to, nothing need now be said in support of either.

From the record before us, we are quite unable to see how the deportation of an insane plaintiff, who sues by and through a guardian *ad litem*, can affect her case on appeal. The record which could be reviewed here was already made; there was no apparent occasion for her personal appearance in this court; an allowance for her expenses on appeal had already been made and paid; and her mental condition appears to have been such that she could be of no assistance to her counsel in preparing and presenting her case. Nothing in respondents' return above quoted even suggests the possibility that the deportation proceedings, whatever their result, will have any bearing or effect upon the pending divorce action. That being so, relator had reasonable grounds for feeling aggrieved by the order mentioned, and it is apparently admitted that he had a right of appeal therefrom.

But even so, it is contended that the order was one which could not be superseded, or, if so, only in the discretion of the trial court. True, we held in *Cooper v. Hindley*, 70 Wash. 331, 126 Pac. 916, that a stay could not be had in all cases as a matter of right, and that it should not be granted if it would result in denying the equitable relief to which the respondent would be entitled in the event of the affirmance of the judgment. But here we have in effect a money judgment only, and since the money was to be used for purposes other than presenting the appeal, it must stand on the same footing as any other money judgment, and was supersedable as a matter of right under Rem. Comp. Stat., § 1722 [P. C. § 7296].

A permanent writ will issue in accordance with the prayer of the petition.

MAIN, C. J., FULLERTON, and PARKER, JJ., concur.