[No. 18146.    Department One.    December 6, 1923.]

*In the Matter of the Guardianship of* JENNIE GLESIN, *a Mentally Incompetent Person.*

N. GLESIN, *Appellant,* v. LENA KAPLAN, *Respondent.*[1]

GUARDIAN AND WARD (3)—INSANE PERSONS (8, 11)—APPOINTMENT —VACATION OF ORDER. One having the custody of an insane person, who, in attacking the appointment of a guardian because no notice was served on him, as required by Rem. Comp. Stat., § 1658, asks to be himself appointed, thereby submits the matter to the jurisdiction of the court on the merits, and cannot object to the court's determination of the fitness of the guardian appointed.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered December 12, 1922, denying a petition to vacate an order appointing a guardian, after a hearing before the court. Affirmed.

[1]Reported in 220 Pac. 779.

*Max Hardman,* for appellant.

*Allen & Griffith,* for respondent.

PER CURIAM.—This is a contest over the appointment of a guardian of the estate and person of Jennie Glesin, an insane person; the appellant, N. Glesin, is her husband, and the respondent, Lena Kaplan, is her mother.

The record shows that Jennie Glesin was living with her husband, the appellant, from October 10 to October 18, 1922, and on the latter date was taken from the husband's residence to the residence of her mother. On October 13, Lena Kaplan swore to a petition asking the appointment of herself as guardian of the person and estate of Jennie Glesin, and on October 18 the notice of the application for the appointment was personally served on Jennie Glesin in the presence of Lena Kaplan, at the latter's residence, and at the same time a notice of the application of Lena Kaplan for appointment was served upon Lena Kaplan herself as the person who had the custody, care and control of Jennie Glesin, or the person with whom Jennie Glesin resided. Thereafter, on October 30, 1922, this petition was heard and Lena Kaplan was appointed guardian. On November 16, 1922, the appellant presented his petition, asking for the vacation of the order appointing Lena Kaplan as guardian and for his own appointment as such guardian.

Section 1658, Rem. Comp. Stat., provides that the notice of hearing of a petition for appointment as guardian must be served upon the one having the custody, care and control of the insane person, or upon the person with whom such insane person at the time resides, and such service has been held in *State ex rel. Lowary v. Superior Court,* 41 Wash. 450, 83 Pac. 726, and *Mayer v. Rice,* 113 Wash. 144, 193 Pac. 723, to be

jurisdictional. Had the appellant gone no farther than to attack the appointment of the respondent under the facts disclosed by this record, the court would have been compelled to declare the appointment invalid. But having sought to have himself substituted, he has submitted the entire controversy to the jurisdiction of the court, and presented the merits to the court for its adjudication, and he is in no position to question the court's action other than to contend that Lena Kaplan should not be appointed for the reason that she is not a proper person.

The testimony shows an extremely bitter feeling between the husband and his mother-in-law, and while considerable friction might be avoided by the substitution of some person as guardian not involved in the domestic discord, the record will not justify us in holding that Lena Kaplan is unfit, especially in view of the fact that the trial court was in infinitely better position than we to determine this question, having the parties before it. The record at the same time is very convincing that the court committed no error in refusing to substitute the appellant as guardian. For the reasons stated, the judgment is affirmed.