[No. 18262.   Department One.   June 4, 1924.]

JENNIE GLESIN, *by her Guardian ad Litem Lena Kaplan, Respondent,* v. N. GLESIN, *Appellant.*[1]

APPEAL (475)—REVIEW—QUESTIONS CONCLUDED.   Where, in an action for separate maintenance, it was determined that a guardian *ad litem* for an insane person could maintain the action, and an appeal therefrom was dismissed, the point is concluded and cannot be again raised on appeal from an order in the separate maintenance action allowing attorney's fees and expense money to resist deportation.

APPEAL (229)—EFFECT OF TRANSFER OF CAUSE—JURISDICTION—ALLOWANCE IN ACTION FOR SEPARATE MAINTENANCE.   The superior court, pending appeal from a judgment for separate maintenance of an insane wife, has jurisdiction to order an allowance for attorney's fees and expense to resist deportation proceedings which arose after the appeal, under Rem. Comp. Stat., § 1731, providing that the superior court retains jurisdiction after appeal for all purposes in so far as the cause is not affected by the appeal.

HUSBAND AND WIFE (107)—SEPARATE MAINTENANCE—TEMPORARY ALLOWANCE.   An allowance, in a separate maintenance action to an insane wife to resist deportation proceedings cannot be objected to on the ground that the husband is the natural guardian and entitled to the control and care of his wife, where that was concluded on the trial by the appointment of another as guardian.

SAME (111)—SEPARATE MAINTENANCE—TEMPORARY ALLOWANCE—EXCESSIVENESS.   An allowance of $500 to an insane wife for attorney's fees and expenses to resist deportation proceedings is not unreasonable.

Appeal from a judgment of the superior court for King county, John S. Jurey, judge *pro tempore,* entered October 6, 1923, awarding an allowance to a wife in an action for separate maintenance.   Affirmed.

*Max Hardman,* for appellant.
*Allen & Griffith,* for respondent.

MAIN, C. J.—This is an appeal from an order of the superior court making an allowance to Mrs. Jennie

[1]Reported in 226 Pac. 262.

Glesin in a separate maintenance action to enable her to resist deportation from the United States under the Federal immigration laws.

For some time prior to the year 1921, the appellant, together with the three children of the parties, had resided in Seattle, and Mrs. Glesin had resided in Vancouver, B. C., because she had been refused admission to the United States, when her husband and children came here, on the ground of her mental incompetency. Sometime during the month of August, 1922, Mrs. Glesin came into the United States to attend the funeral of her father. It does not clearly appear just the manner in which she came and it is now immaterial. Prior to the time that she came, her mother, Mrs. Kaplan, as her guardian *ad litem,* had brought an action for separate maintenance against the appellant, and upon a trial a decree was entered awarding money for that purpose. From this Mr. Glesin appealed. While the appeal was pending, Mrs. Glesin was arrested by the Federal immigration authorities, who were preparing to deport her because, being a person with some infirmity of mind, she had wrongfully come into the United States under the Federal immigration laws. An application was made in the separate maintenance action, from the judgment in which an appeal was then pending, for an allowance for attorney's fees and expense incident to the resisting of deportation. A hearing was had upon this application and an order entered making an allowance of $500. After that order was entered, Mr. Glesin appealed therefrom and the case is now before us on that order.

The appellant first contends that the trial court had no jurisdiction to enter a decree for separate maintenance in the first and principal action, for the reason that an insane wife cannot maintain an action for such

maintenance. The question is not now open for discussion upon the appeal from the order allowing $500 for the purpose of resisting deportation, because that question was involved in *Glesin v. Glesin*, 125 Wash. 339, 216 Pac. 353, which was the appeal from the principal action and which appeal was dismissed by this court. One of the contentions in that case was that the plaintiff had no right, by her guardian *ad litem*, to maintain an action for separate maintenance. The trial court had sustained the right to maintain the action and made an allowance. The appeal, as stated, was dismissed. So far as the present appeal is concerned, that question cannot be considered.

The next contention upon the present appeal is that, while the principal action was pending on appeal, the trial court had no right to entertain jurisdiction and make an allowance to resist deportation. The arrest of Mrs. Glesin occurred after the appeal in that action was taken and the allowance was to meet a situation which then arose. Rem. Comp. Stat., § 1731 [P. C. § 7316], among other things, provides that, after an appeal is taken, the superior court shall retain jurisdiction for the purpose of all proceedings provided by the act to be had in such court and for the purpose of settlement and certifying bills of exceptions and statements of facts, "and for all purposes in so far as the cause is not affected by the appeal." In *State ex rel. Glesin v. Superior Court*, 125 Wash. 374, 216 Pac. 353, which was an application to this court to require the trial court to fix a supersedeas bond when an appeal was taken from the order allowing $500 to resist deportation, it is said:

"From the record before us, we are quite unable to see how the deportation of an insane plaintiff, who sues by and through a guardian *ad litem*, can affect her case on appeal. The record which could be reviewed

here was already made; there was no apparent occasion for her personal appearance in this court; an allowance for her expenses on appeal had already been made and paid; and her mental condition appears to have been such that she could be of no assistance to her counsel in preparing and presenting her case. Nothing in respondents' return above quoted even suggests the possibility that the deportation proceedings, whatever their result, will have any bearing or effect upon the pending divorce action. . . ."

It appears clear, therefore, that the order making an allowance of $500, after the appeal in the principal action, was for something which was not affected by the appeal. It is true, as held in *State ex rel. Wilkerson v. Superior Court,* 108 Wash. 15, 183 Pac. 63, and other cases that might be cited, that after an appeal is taken in a divorce action, the superior court has not jurisdiction to modify or alter the decree pending appeal, but those cases are not here applicable.

The last contention is that, upon the merits, it was improper for the trial court to require the appellant to pay the amount specified, or any amount whatsoever. In the discussion of this question, as it appears in the appellant's brief, he seems to object to the allowance, first, because the husband is the natural guardian of an insane wife and may control and care for her in any reasonable manner. This contention would appear to be answered by the opinion in the case of *In re Glesin,* 127 Wash. 254, 220 Pac. 779, where it is held that the trial court properly appointed a guardian for Mrs. Glesin. The other objection as to the allowance is that it is too large. The order recites the allowance of the sum of $500 as "temporary allowance on account of attorneys' fees and expense" incident to the charge made against Mrs. Glesin of being illegally in the United States. For the purpose of resisting deportation and determining whether Mrs. Glesin

had a right to remain in the United States, it does not seem to us that $500 is an excessive allowance for attorneys' fees and expense that may be incident thereto.

The judgment will be affirmed.

HOLCOMB, TOLMAN, MACKINTOSH, and PEMBERTON, JJ., concur.