[No. 4820-9-III.   Division Three.   November 23, 1982.]

*In the Matter of the Guardianship of* CHARLES McGILL.

CHARLES McGILL, *Appellant,* v. LARRY V. WOOD,
ET AL, *Respondents.*

*Walter B. Dauber,* for appellant.

*Wesley A. Nuxoll, Gary J. Libey,* and *Nuxoll, McBride & Libey,* for respondents.

MUNSON, J.—Charles McGill appeals a trial court's refusal to set aside a settlement entered pursuant to SPR 98.16W. He contends the trial court acted without jurisdiction in entering the compromise settlement because he was not given notice of the proceedings. We agree and remand with instructions to set aside the settlement.

On October 15, 1978, Charles, then 16 years of age, turned his motorcycle in front of an oncoming motorcycle ridden by Blake Wood, also a juvenile. As a result of the

ensuing accident, Blake was killed and Charles was seriously injured. Charles received medical attention in Washington for 2 months, but then returned to California to live with his mother. Although he had lived with his father in Washington for approximately 9 months, his mother was his custodial parent pursuant to an earlier California separation decree.

On September 7, 1979, Thomas McGill, Charles' father, petitioned for the appointment of a guardian ad litem to compromise all claims and obtain mutual releases arising out of the accident. Thomas McGill's signature on the petition was notarized by the attorney appointed as guardian ad litem to investigate the claim and offered settlement. Mr. McGill was represented by a law firm of which the guardian ad litem was not a member. The petition for appointment of guardian ad litem, the order appointing the guardian, the guardian's oath, the offer of compromise, the petition to compromise and the order approving the compromise were all signed September 7, 1979. The record does not contain a report of the guardian ad litem.

This court asked counsel to comment on whether the lack of a written report nullified any further lower court action. Respondents' counsel replied that the guardian ad litem's petition to compromise contained sufficient facts to fully apprise the court. We perceive, however, the intent of SPR 98.16W is better met when a separate written report is submitted to justify the contents of the petition. A petition containing only counsel's conclusions does not take the place of a written report. See the discussion in *Handley v. Mortland,* 54 Wn.2d 489, 342 P.2d 612 (1959).

Charles' California attorney contacted present Washington counsel to investigate the accident after Charles turned 18. Neither counsel was aware of the settlement proceedings and as soon as the compromise was discovered, the Washington counsel contacted Charles and his mother. They expressly disavowed any desire to be part of the compromise. Mrs. McGill states in her affidavit:

7. That on or about the time that Charles was to be released from the hospital here in California, I was contacted by Thomas McGill who wanted me to execute a release on behalf of Charles, releasing the other parties from liability for Charles' injuries.

8. That I refused to sign any release, on behalf of Charles, relieving anyone of liability for Charles' injuries.

Thomas McGill and the guardian ad litem admit they did not tell Charles of either the guardian's appointment or the pending offer of compromise. No notice of the proceeding was served on the custodial parent, Mrs. McGill, or Charles.

A petition to set aside the compromise was denied October 2, 1981. As the basis for its decision, the trial court stated SPR 98.16W[1] and RCW 11.88: "are independent and alternative methods of settling minors' claims, and . . . pursuant to S.P.R. 98.16W actual Notice to CHARLES McGILL was not required".

Charles contends the court's actions are void because he was not provided with notice as required by RCW 11.88-.040. We agree.

▮ RCW 11.88.040 provides in pertinent part:

*Before* appointing a guardian or a limited guardian, notice of a hearing, to be held not less than ten days after service thereof, shall be given *personally* to the alleged incompetent or disabled person, *if over fourteen years of age.*

(Italics ours.) No one contends this notice was provided. Because notice was not provided, the court did not have jurisdiction. *Ashley v. Superior Court,* 83 Wn.2d 630, 635, 521 P.2d 711 (1974), quoting from *Mullane v. Central*

---

[1]SPR 98.16W, Estates—Guardianship—Settlement of Claims of Minors, states in part:

"(a) **Representation.** In every case where there is a settlement involving a beneficial interest or claim of a person under the age of eighteen, hereinafter referred to as a minor, the court must appoint an independent guardian ad litem to investigate the adequacy of the offered settlement and file a written report. Said guardian ad litem shall be an attorney-at-law . . . The court may dispense with the appointment of the guardian ad litem if a general guardian has been previously appointed or if the court affirmatively finds that the minor is represented by independent counsel."

*Hanover Bank & Trust Co.,* 339 U.S. 306, 314–15, 94 L. Ed. 865, 70 S. Ct. 652 (1950), states:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*In re Teeters,* 173 Wash. 138, 21 P.2d 1032 (1933); *Mayer v. Rice,* 113 Wash. 144, 193 P. 723 (1920); *State ex rel. Lowary v. Superior Court,* 41 Wash. 450, 83 P. 726 (1906);[2] *In re Bouchat,* 11 Wn. App. 369, 522 P.2d 1168 (1974); *see Hayward v. Hansen,* 97 Wn.2d 614, 617, 647 P.2d 1030 (1982). *See also* 42 Am. Jur. 2d *Infants* § 160, at 151–52 (1969).

As the court stated in *Mayer v. Rice, supra* at 148:

> It is clear that the court acted without jurisdiction. The proceeding is statutory, and a substantial compliance with the statute is necessary to the appointment of a legally constituted guardian. Here there was no compliance, or purported compliance, with the statute relating to the giving and service of notice. The court, on the presentation of the petition, appointed the guardian without notice of any kind, notwithstanding it appeared from the very petition upon which the appointment was made that the person for whose property the appointment was sought was within the jurisdiction of the court . . . As we held in *State ex rel. Lowary v. Superior Court,* 41 Wash. 450, 83 Pac. 726, *the requirement that service be made on the person having the care and control of the minor, . . . is jurisdictional,* and any appointment of a general guardian without giving such notice is void.

(Italics ours.) The respondent Woods' contention that SPR 98.16W provides an independent and alternate method of

---

[2]In *State ex rel. Lowary v. Superior Court, supra* at 453, the court stated there were situations where service on the person having the care, custody and control would better serve the intent of the statute because of the incompetent's disability. For those minors under 14 years of age, this is the correct method. For minors over 14 years of age (unless incompetent for another reason), notice must be given to the minor.

settling minors' claims is incorrect.

Except for citing to "the long established practice in the State of Washington" (Brief of Respondent, at 9), the Woods offer no authority to show the Supreme Court meant to circumvent statutory notice requirements by providing an alternate method. We will not assume our Supreme Court created an alternate method which ignores earlier decisions concerning the jurisdictional necessity of notice. Although legislative history surrounding both the statute's notice requirements[3] and the purpose for SPR 98.16W is sketchy, Professor Orland may have been correct when he stated at 4 L. Orland, Wash. Prac., Rule 98.16W, Author's Comments at 487 (2d ed. 1968):

> The Rule is designed to resolve several problems concerning representation in the settlement of the claims of minors. E. g., Handley v. Mortland, 54 Wash.2d 489, 342 P.2d 612 (1959).

In *Handley v. Mortland, supra,* the issue was whether a settlement entered between a minor's guardian ad litem and the defendants 12 years earlier should be overturned absent a showing of fraud or collusion. The majority held it should not be overturned, stating the guardian ad litem who had cared for the minor from the date of the accident to the date of the settlement properly represented the minor. The dissent, on the other hand, noted the attorney who appeared in the minor's behalf was retained by one of the defendants, and no independent investigation of the facts had been presented to the court approving the settlement. Believing the absence of a sufficient investigation from the minor's point of view led to rubber stamping by the trial court, the dissent stated the settlement should be reexamined.

---

[3]The law creating the notice requirement has existed since 1903. Laws of 1903, ch. 130, § 3, p. 243 states:

"Personal service must be made on such minor, insane or mentally incompetent person, if possible, and the laws of the State of Washington relating to the manner of service of summons shall apply to the service of the notice provided herein, as nearly as said statutes can apply."

If Professor Orland is correct, one purpose for SPR 98.16W is to ensure that an independent investigation of the nonadversarial settlement is provided to the court. Rather than provide an alternative means to achieve the same result, SPR 98.16W begins where RCW 11.88 leaves off. Thus, the notice requirements of RCW 11.88 must be met prior to invoking SPR 98.16W.

Although minors are generally bound by settlements by guardians ad litem, they are not bound when not properly before the court, *Burke v. Northern Pac. Ry.,* 86 Wash. 37, 39, 149 P. 335 (1915), or when the appointment of the guardian is void. See especially *Mayer v. Rice, supra* at 150.

This does not mean all settlements entered without a service of summons on the minor are automatically void. In almost all cases, service upon a custodial parent or legal guardian will provide notice to the minor. The specific error here, which undoubtedly is rare, is the failure to provide *any* notice to either the custodial parent or to the minor. The lack of notice was then compounded by a failure to provide a written report, which then meant the requirements of neither SPR 98.16W nor RCW 11.88.040 were met. Therefore, the case is remanded to the trial court with instructions to set aside the settlement as petitioned by Charles McGill.

McINTURFF, C.J., and GREEN, J., concur.

Reconsideration denied December 23, 1982.

Review denied by Supreme Court February 18, 1983.