[No. 5907. Decided January 19, 1906.]

THE STATE OF WASHINGTON, *on the Relation of Addie V. Lowary, Plaintiff,* v. THE SUPERIOR COURT FOR LINCOLN COUNTY *et al., Respondents.*[1]

APPEAL—DISMISSAL—CESSATION OF CONTROVERSY—PROOF. A case in the supreme court will not be dismissed because of the cessation of the controversy unless such fact is shown by clear and satisfactory proof; and a signed statement that the case has been settled is not sufficient where it is disputed and claimed to have been signed through mistake and fraud.

CERTIORARI — TIME FOR APPLICATION — EXCUSE FOR DELAY — ILL HEALTH AND INCOMPETENCE OF APPLICANT. While ordinarily an application for a writ of certiorari must be made within the time limited for taking an appeal, sufficient excuse is shown for delay in apply-

[1]Reported in 83 Pac. 726.

ing for a writ to review an order appointing a guardian for the applicant, where it appears that the applicant was ill and unable to act, and the respondent had alleged that she was incompetent.

GUARDIAN AND WARD—APPOINTMENT OF GUARDIAN—NOTICE OF APPLICATION—JURISDICTION. The court is without jurisdiction to appoint a guardian for an incompetent person unless notice is served upon the person having the care, custody and control of such incompetent, the provision for notice being mandatory.

SAME—RECORD—NOTICE—ATTENDANCE AT HEARING. The record on the appointment of a guardian for an incompetent person must show that the required notice was given, and that the person was present in court at the hearing or was unable to attend.

Certiorari to review orders of the superior court for Lincoln county, Neal, J., entered August 16, and October 18, 1904, appointing a guardian for an incompetent person, and refusing to vacate the same. Reversed.

*Mendenhall, Rhodes & Pence,* for relator.

*H. A. P. Myers,* for respondents.

RUDKIN, J.—On the 23rd day of July, 1904, A. D. Strout filed a petition in the superior court of Lincoln county, praying for the appointment of himself, or some fit and proper person, as guardian of the person and estate of his daughter, Addie V. Lowary, on the ground that she was mentally incompetent to manage her property, and that she had property needing care and attention. The petition averred that said Addie V. Lowary was a resident of said Lincoln county, and had no relatives residing therein except the petitioner and his wife, but did not set forth who, if any person, had the care, custody, and control of said Addie V. Lowary. August 3, 1904, was fixed as the date for the hearing of said application, and on the 23rd day of July, preceding, notice of such hearing was personally served on said Addie V. Lowary by the sheriff of Lincoln county. The matter was continued until the 16th day of August, 1904, and on the latter date a hearing was had and an order made, appointing the petitioner guardian as prayed. At such hear-

ing said Addie V. Lowary did not appear in person, but one Mulligan and the prosecuting attorney of Lincoln county appeared in her behalf.

On the 30th day of September, 1904, said Addie V. Lowary filed a petition for the vacation of the order appointing the guardian, on numerous grounds—among others, that she was not a resident of Lincoln county at the time said application was made, and had not resided in said county for more than one year prior thereto. On the 18th day of October, 1904, the petition to vacate was denied. On the 2nd day of October, 1905, application was made to this court for a writ of review to review the order appointing the guardian and the order refusing to vacate the appointment. The writ was allowed, and the matter is now before us for final determination.

On the 2nd day of December, 1905, the respondent filed in this court a statement, signed by the relator, reciting that the matter in dispute has been satisfactorily adjusted, and praying that this proceeding be dismissed. In opposition to this motion there has been filed affidavits of the relator and her husband, to the effect that if any such statement was signed by relator it was signed through mistake and obtained through fraud. This court will not dismiss a case because of a cessation of the controversy, unless such cessation is shown by clear and satisfactory proof. No such showing is made in this case, and the motion to dismiss is accordingly denied.

It was further contended by the respondent that the writ was not applied for within the time limited by law. The statute does not fix the time within which such applications must be made, but the courts by analogy apply the limitation fixed by law for the prosecution of an appeal. Ordinarily this court will not entertain jurisdiction of an application of this kind after the time limited by law for prosecuting an appeal has expired, but it appears from the application before us that the relator was in ill health, and was deprived

of her property by the order complained of, and was thus
without means to give bond or employ counsel to prosecute
an appeal. In addition to this, the respondent charged, and
the court found, that she was incompetent to manage her
affairs, and the respondent who preferred the charge will not
now be heard to gainsay it. This court will therefore assume,
for the purpose of protecting her rights, that the relator was
in fact incompetent, and in view of these facts we are of the
opinion that the application was timely made.

On the merits of the case little need be said. It clearly
appears that both the order appointing the guardian and the
order refusing to vacate the appointment are erroneous. The
statute provides that notice of applications of this kind must
be served on the minor or incompetent person, and on the
person having the care, custody, and control of such minor or
incompetent person, and that the person for whom a guardian
is sought must be present at the hearing if able to attend.
The former of these requirements at least is jurisdictional.
A proceeding for the appointment of a guardian is statutory,
and the requirement that notice shall be given is mandatory.
Ordinarily the notice to be served on the minor or incompetent
person is of far less importance than the notice required to
be served on the person having the care, custody, and control.
The minor may be of such tender years, or the incompetent
person so far bereft of reason, that the notice served upon
them is little more than a formality, whereas, the law pre-
sumes that those having the care, custody, and control of
such persons have at least sufficient interest in their welfare
to see that their legal rights are protected.

The record should therefore show that the required notice
was served, or that there was no person upon whom service
could be made, and that the person for whom the guardian
is sought was present at the hearing or was unable to attend.
The record before us not only fails to show these facts, but
it was made manifest to the court on the petition to vacate
the order of appointment that the relator was in the care,

custody, and control of certain persons at the time of the application, and that no notice of the application was served upon them; that the relator was able to attend at the hearing and did not, and in addition to all this that the relator was not a resident of Lincoln county at the time of the application and had not been for more than one year prior thereto. The court was therefore without jurisdiction and its judgment is a nullity.

The judgment is reversed and the cause remanded, with directions to vacate the order appointing the guardian and require the respondent to account for all moneys or property received by virtue of his appointment.

MOUNT, C. J., FULLERTON, HADLEY, CROW, ROOT, and DUNBAR, JJ., concur.