[No. 20225. Department One. April 26, 1927.]

GEORGE W. ALCOTT, *Appellant*, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND *et al.*, *Respondents.*[1]

[1] APPEAL (502)—LIABILITY ON APPEAL BOND—ACTIONS—PLEADING. A complaint states a cause of action upon an appeal and supersedeas bond, where it alleges that the bond was given to keep the plaintiff out of possession of property having a certain rental value, and a partial reversal of the judgment left the plaintiff entitled to the possession.

[2] SAME (503)—EXTENT OF LIABILITY ON APPEAL BOND. Upon the wrongful conversion of plaintiff's property by a principal upon an appeal bond, the principal is alone liable if the conversion occurred after remand, but both principal and surety are liable if it occurred during the pendency of the appeal.

[3] APPEAL (358)—DISMISSAL—PRACTICE ON MOTION TO DISMISS. A motion to dismiss an appeal because of cessation of the controversy by a settlement will be denied where the supporting affidavits are denied by counter-affidavits.

Appeal from a judgment of the superior court for King county, Paul, J., entered May 6, 1926, upon sustaining a demurrer to the complaint in an action upon an appeal bond. Reversed.

*J. L. Corrigan* and *E. C. Million,* for appellant.

*J. E. McGrew,* for respondents.

FULLERTON, J.—The appellant, George W. Alcott, instituted this action to recover upon an appeal bond, on

[1] Reported in 255 Pac. 932.

which the respondent, Beatrice L. Manning, was principal, and the other respondent was surety. The trial court sustained a general demurrer interposed by the respondents to the complaint, and, upon the refusal of the appellant to plead further, entered a judgment dismissing his action.

The ultimate question for determination here, therefore, is does the complaint state facts sufficient to constitute a cause of action.

The material parts of the complaint are the following:

"II.    That heretofore and on the 5th day of May, 1924, an action was commenced in the superior court of King county, Washington, by the defendant Beatrice L. Manning as plaintiff against the plaintiff herein George W. Alcott, the purpose of said action was to compel the defendant therein to give an accounting and that said action was tried in the superior court of King county, Washington, and a judgment was entered denying the relief sought in said action, said judgment was entered on the 22nd day of April, 1925.

"III.    That thereafter and on the —— day of July, 1925, the said Beatrice L. Manning, did appeal to the supreme court of the state of Washington from said judgment and that thereafter on the 14th day of January, 1926, a remittitur from the supreme court reversing said judgment and ordering this plaintiff to pay a specified amount and that thereafter and on the —— day of February, 1926, the plaintiff paid to the satisfaction of said judgment the amount of $881.00.

"That said judgment rendered on the 22nd day of April, 1925, directed that the plaintiff George W. Alcott was the owner and entitled to possession of certain real estate, more particularly described as follows, to-wit: [Describing the property.]

"V.    That at the time of entering said judgment on the 22nd day of April, 1925, the plaintiff was the owner and entitled to possession of the following described personal property, to-wit:   [Describing the property.]

"VI.   That at the time of the said trial the said personal property was in the possession of the defendant Beatrice L. Manning, and that ever since said trial the said defendant Beatrice L. Manning has been in the possession and occupancy of said real estate and all of said personal property.

"VII.   That for the purpose of keeping plaintiff out of possession of said property the said Beatrice L. Manning, with the other defendant herein, did execute and file in said cause No. 174261 a supersedeas appeal bond conditioned . . . as shown by Exhibit 'A' hereto attached and herein referred to and made a part hereof.

"VIII.   That the said personal property was of the reasonable value of one thousand ($1,000.00) dollars.

"IX.   That the defendants have failed and refused to deliver said property to plaintiff or to pay the value of the rental thereof.

"X.   That the rental value of said property is thirty ($30.00) dollars per month, and that there is still now due and owing on said monthly rental the sum of $30.00 per month from April 22, 1925.

"Wherefore, plaintiff prays for judgment in the amount of one thousand ($1,000.00) dollars and for his costs and interests."

The appeal bond referred to as an exhibit contained the following recitals:

"The·condition of the above obligation is such: That whereas the above named defendant George W. Alcott, on the 18th day of April, 1925, in the superior court of the state of Washington, for King county, in the above case No. 174261, obtained judgment against the plaintiff, Beatrice L. Manning, wherein he was adjudged, among other things, to be the owner of, and entitled to the possession of lot 12, block 81 of McNaught's Plat of Central Seattle, in the city of Seattle, in King county, Washington, and of certain household goods and chattel property then and now being in the possession of said plaintiff, Beatrice L. Manning, and

"Whereas, the above named principal, Beatrice L. Manning, wishing to hold the possession of all of said real and personal property during the pendency of her appeal from the said judgment, and to supersede any and all proceedings in said cause until said case is finally determined by the supreme court; and

"Whereas, said Beatrice L. Manning, has duly appealed from the decision and judgment of said superior court in the case named of the supreme court of the state of Washington by completing all of the acts of said appeal, including the preparation and service of appeal briefs therein;

"Now therefore, if the said principal, Beatrice L. Manning, shall pay the defendant, George W. Alcott, herein named, all costs and damages that shall be adjudged against her, said appellant, on appeal or the dismissal thereof, and shall satisfy and perform the judgment and order appealed from, in case it shall be affirmed, and shall satisfy and perform any judgment or order which the supreme court may render or make or order to be rendered or made by the said superior court, and shall pay all rents or damages to property adjudged to belong to the defendant George W. Alcott, accruing during the pendency of the appeal, out of the possession of which said respondent Alcott, shall be kept by reason of the appeal herein set forth, then this obligation to be void; otherwise to remain in full force and effect."

[1] While the complaint is somewhat meager, if it is not confusing, in its allegations, and is no doubt subject to a motion to make more definite and certain, yet we think it contains the substance of a good cause of action, sufficient as against a general demurrer. It is true it is alleged in the complaint that this court sent down a remittitur "reversing" the judgment entered in the appealed cause, but the inference from the complaint as a whole is that the court reversed the judgment only in part; letting it stand as effective as to that part which adjudged that the respondent Alcott was the

owner and entitled to the possession of the real and personal property of which the appellant in the cause was in possession, and of which she retained possession in virtue of the appeal and supersedeas bond. Since, therefore, it is alleged in the complaint in the present action that the property had a rental value, and since it is further alleged the bond was conditioned to pay such rental value should it be adjudged by this court that the appellant in that cause, the respondent in this, was not entitled to such possession, it seems to us plain that a cause of action is stated for a recovery of the rental value of the property against both defendants.

[2] There is a further allegation in the complaint of facts from which it can be inferred that the respondent Manning converted the personal property to her own use. It is not alleged, however, when this conversion occurred, and the liability of the bondsman to answer for the value of the property depends on the time of the conversion. If the conversion occurred during the pendency of the appeal, then, by the terms of the bond, both of the defendants are liable for its value. If, on the other hand, the conversion occurred after the appealed cause had been remanded by this court, then Manning alone is liable for its value; this for the reason that, by the terms of the bond, the bondsman's liability is limited to "damages to the property" accruing during the pendency of the appeal. If there was in fact a conversion, the respondent Manning is liable, no matter at which time the conversion occurred. Whether the bondsman is liable will depend upon the proofs as to the time of the conversion.

[3] The respondents moved in this court for a dismissal of the appeal, basing the motion on the ground that there has been a cessation of the controversy. The motion is supported by affidavits filed in their behalf

which tend to show that the parties have settled, by mutual agreement, all of their matters of difference. But there is a counter-affidavit denying the settlement. This court will dismiss an appeal for the reason here assigned only when it is made to appear with certainty that the controversy has ceased. It will not do so where the question is in controversy. *State ex rel. Lowary v. Superior Court,* 41 Wash. 450, 83 Pac. 726.

It must not be understood, however, that we here deny the right of the respondents to set up a settlement of the controversy as a defense to the appellant's cause of action. The respondents may set up the defense along with their other defenses, when the question can be determined in accordance with the preponderance of the proofs.

The judgment is reversed, and the cause remanded with instructions to permit the defendants to answer to the complaint.

MACKINTOSH, C. J., FRENCH, MITCHELL, and MAIN, JJ., concur.