[No. 2530–2. Division Two. August 29, 1977.]

WILLIAM E. VANCE, *Appellant,* v. THE CITY OF SEATTLE, ET AL, *Respondents.*

*Stanley R. Byrd* and *Clinton, Fleck, Glein & Brown,* for appellant.

*John Harris, Corporation Counsel,* and *Philip M. King, Assistant,* for respondents.

REED, J.—William E. Vance appeals from an order of the King County Superior Court which dismissed an action by which Vance sought review of a City of Seattle Civil Service Commission ruling which upheld his discharge by that city's Superintendent of Parks and Recreation.

Mr. Vance filed his complaint January 31, 1974, and the City filed responsive pleadings asserting, *inter alia,* defenses of the statute of limitations and laches. The trial court applied the 3-year statute of limitations, RCW 4.16-.080, and dismissed Vance's action because it was not filed within 3 years from December 1, 1970, the date of Vance's dismissal. Vance contends on appeal, as he did in the trial court, that the statute did not commence to run, or in the

420

alternative that it was tolled, until the Commission acted to sustain his dismissal on April 14, 1971. We affirm the dismissal of Vance's action, but on a ground different from that assigned thereto by the trial court.

The facts are these. On December 1, 1970, plaintiff was dismissed from his position as Senior Public Information Representative by the Superintendent of Parks and Recreation. Pursuant to the city charter provisions and civil service commission rules,[1] plaintiff made timely application to the civil service commission for a reversal of his dismissal, for reinstatement and for back pay. After an investigation had been conducted and hearings held in accordance with the charter and civil service rules, the Commission entered findings and conclusions on April 14, 1971, upholding the dismissal. In May of 1971 plaintiff commenced an action in King County Superior Court seeking reversal of the Commission's decision and again asking for reinstatement and back pay. This action was dismissed without prejudice on June 9, 1972, because plaintiff failed to file a transcript of the civil service proceeding. Prior to dismissal, the matter had been set for trial and continued once at plaintiff's behest. Plaintiff subsequently procured the necessary transcript and refiled his complaint January 31, 1974. The complaint was almost identical to his original complaint and sought the same relief. It is from a dismissal of this second effort to reverse the Commission's order that plaintiff appeals.

[1]Article XVI, §12 of the Seattle City Charter reads in part:

"TENURE IN CLASSIFIED [CIVIL] SERVICE: REMOVAL FOR CAUSE; INVESTIGATION . . . Every officer or employee in the classified civil service shall hold office until removed or retired. Any officer or employee whose appointment is complete may be removed by the appointing power only upon the filing with the commission of a statement in writing of the reasons therefor. Any officer or employee so removed may within ten days after his removal demand an investigation. The commission shall forthwith make such investigation and its finding and decision shall be certified to the appointing officer, and if the removal is not sustained thereby, the officer or employee so removed shall at once be re-instated."

As mentioned, the trial court based its dismissal on RCW 4.16.080, the 3–year statute of limitations. On appeal, as in the trial court, the parties have addressed only the issue of laches and the question of whether the clock should have started running on plaintiff's "cause of action" on December 1, 1970, the date of the discharge, or on April 14, 1971, the date of final Commission action. We have determined, however, that the question is really one of the timeliness of judicial review.[2]

The parties concede that plaintiff had no access to the courts of this state until he had exhausted his administrative remedies before the Civil Service Commission as prescribed by charter and commission rules. *State ex rel. Dunn v. Elliott*, 6 Wn.2d 426, 107 P.2d 915 (1940). Plaintiff has further conceded, as we think he must, that he seeks by his "complaint" in superior court, not a trial de novo, but a

---

The City of Seattle Civil Service Commission rules provide in part:

"12.03 DISCHARGE:

"a. A regular employee may be discharged from the City service only upon the filing by the appointing authority of a written statement of the reasons for such discharge with the Commission;

"b. The following are declared to illustrate adequate causes for discharge; a discharge may be made for any other good cause . . ."

"12.04 RIGHT TO DEMAND INVESTIGATION:

"a. A regular employee who is discharged or demoted may, within 10 days after the date of the Secretary's notification to the individual of such action, make written demand of the Civil Service Commission for an investigation. The Commission will proceed to conduct a hearing at which the department and the employee involved will be entitled to the attendance of witnesses, and the employee may be represented by counsel. After such hearing the Commission shall make its finding and decision and certify the same to the appointing authority either sustaining the action of said appointing authority or reinstating the employee."

[2]We have serious doubts that the limitations of RCW 4.16 apply at all to "special proceedings" such as the common–law writs of certiorari, mandamus, et cetera. By resorting to these remedies, one is not pursuing a "cause of action" as that term is used in the statutes. *See Wurth v. Affeldt*, 265 Wis. 119, 60 N.W.2d 708, 40 A.L.R.2d 1376 (1953); *Buell v. County Court*, 175 Ore. 402, 152 P.2d 578, 155 A.L.R. 1135 (1944). The extraordinary writs are not issued as a matter of right; application therefor calls for the exercise of judicial discretion and consideration of equitable principles before review will be accepted. *Buell v. County Court, supra.* We choose not to decide the instant case on that ground because the issue was not directly raised or briefed by the parties.

review of the civil service commission action. That it was so considered by the trial court is evidenced by its dismissal without prejudice of plaintiff's first complaint on the ground that he had not filed a transcript of the civil service proceedings. The parties also agree that the scope of judicial review of the Commission's action is extremely limited. As stated in *State ex rel. Littau v. Seattle,* 189 Wash. 64, 69, 63 P.2d 515 (1937):

> The principle of law governing the situation is this. When, in a case of removal from office or position within the classified civil service, it appears that the appointing power has filed with the civil service commission a written statement of the reasons for the removal, upon charges that cannot be said to be utterly frivolous, and when it further appears that the commission has awarded the party charged a full opportunity to be heard, and that competent evidence has been produced tending, in some measure at least, to prove the charges made, the court may not inquire into the weight or sufficiency of the evidence. Its power is confined to the inquiry whether the officers entrusted with the authority to effect removals and discharges have acted within the prescribed rules.

And in *State ex rel. Perry v. Seattle,* 69 Wn.2d 816, 820–21, 420 P.2d 704 (1966), the court said:

> Upon review by certiorari the function of the court is equally important, but of a different nature. The court is neither a fact–finding agency, a policy–making body, nor a hiring hall. Its function is limited to testing the legality of the administrative procedure. Was a written statement filed setting forth reasons for the discharge? Were the charges so frivolous that all minds must necessarily agree that a legitimate cause for discharge was not stated? Was respondent advised of the charges preferred against him? Was he afforded the right of a full and complete hearing with the aid of counsel? Did the commission disregard the facts? Was the commission's decision made upon "an inherently wrong basis" . . .? Was the action of the commission arbitrary and capricious?

(Citations omitted.)

█ Plaintiff, having pursued the appropriate administrative procedures to a conclusion, and feeling aggrieved by

the Commission decision, was entitled to a judicial review of that determination by filing in a timely manner an appropriate proceeding in superior court. This is true because administrative determinations of the type herein involved are judicial in nature; the public body acts as an inferior or lower court in the state's judicial system. *Okanogan County School Dist. 400 v. Andrews,* 58 Wn.2d 371, 363 P.2d 129 (1961). As such a tribunal, the Commission's final determination, in the absence of statutes or rules providing for a right of appeal, is subject to review by means of the writ of certiorari. RCW 7.16.040;[3] *Reagles v. Simpson,* 72 Wn.2d 577, 434 P.2d. 559 (1967); *Pierce v. King County,* 62 Wn.2d 324, 382 P.2d 628 (1963); *Wurth v. Affeldt,* 265 Wis. 119, 60 N.W.2d 708, 40 A.L.R.2d 1376 (1953); 14 C.J.S. *Certiorari* § 37(a), at 180 (1939).

 In our state, the time within which certiorari must be applied for is determined by reference to the time prescribed by statute or court rule for bringing an appeal. *Reagles v. Simpson, supra; Pierce v. King County, supra; State ex rel. L.L. Buchanan & Co. v. Washington Pub. Serv. Comm'n,* 39 Wn.2d 706, 237 P.2d 1024 (1951); *State ex rel. von Herberg v. Superior Court,* 6 Wn.2d 615, 108 P.2d 826 (1940) (mandamus); *Spooner v. Seattle,* 6 Wash. 370, 33 P. 963 (1893).

In *State ex rel. Lowary v. Superior Court,* 41 Wash. 450, 452, 83 P. 726 (1906), the court entertained a tardy application for a writ of review because of the relator's incompetency, but states:

---

[3]RCW 7.16.030 reads as follows:

"Certiorari defined. The writ of certiorari may be denominated the writ of review."

RCW 7.16.040 provides:

"Grounds for granting writ. A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law."

424

The statute does not fix the time within which such applications [writ of review] must be made, but the courts by analogy apply the limitation fixed by law for the prosecution of an appeal.

In *State ex rel. Alexander v. Superior Court,* 42 Wash. 684, 85 P. 673 (1906), the court adopts what it describes as the then "current of authority," as exemplified by cited cases from other jurisdictions, and follows the rule set forth in *Lowary;* the court recognizes, however, that there may be extenuating circumstances excusing a lack of diligence and calling for the exercise of the court's discretion to extend the time for seeking the writ. Later cases adhering to the rule are *State ex rel. Barry v. Superior Court,* 179 Wash. 55, 35 P.2d 1095 (1934); *State ex rel. Clark v. Superior Court,* 167 Wash. 481, 10 P.2d 233 (1933); *State ex rel. Neal v. Kauffman,* 86 Wash. 172, 149 P. 656 (1915); *State ex rel. Jakubowski v. Superior Court,* 84 Wash. 663, 147 P. 408 (1915), and *State ex rel. Tumwater Power & Water Co. v. Superior Court,* 56 Wash. 287, 105 P. 815 (1909). See also the cases collected in *State ex rel. Home Tel. & Tel. Co. v. Kuykendall,* 134 Wash. 620, 236 P. 99 (1925).

Turning to the case before us, at all times pertinent to Vance's grievance, there was no statute or rule specifically providing for a direct appeal from the city civil service commission rulings. However, appeals to the superior court from final decisions of courts of limited jurisdiction must be taken within 20 days. JCR 73(a). By analogy, Vance should have applied to the Superior Court for King County within 20 days from the date of the civil service commission decision which he sought to reverse.[4] Not having done so, his attempt to review that decision was not timely and was properly dismissed. *Clark v. Chicago,* 233 Ill. 113, 84 N.E. 170 (1908). Even though the trial court may have given an

---

[4]We cannot determine if Vance's first action was commenced within the 20-day period because the record on appeal does not disclose the exact day of its filing in May 1971. In any event, because Vance permitted dismissal of that proceeding, it is the same as if it had never been filed.

erroneous or insufficient reason for its dismissal, its action may be affirmed if it is sustainable on any ground within the pleadings and proof. *Northwest Collectors, Inc. v. Enders,* 74 Wn.2d 585, 446 P.2d 200 (1968).

We should mention that Vance sought to explain his delays by filing in the second superior court action an affidavit that he was without funds to pay for a transcript of the Commission proceedings until late in 1974. Even though that affidavit is uncontroverted, we think that was a matter which should have been presented to the trial court to avoid dismissal of his first complaint. Assuming without deciding that, if proved, this was a circumstance justifying exercise of the court's discretion to extend the time for perfecting review, Vance did not act in a timely manner to preserve his position.

█ Finally, we deem it unnecessary to discuss the doctrine of laches as it applies to the dismissal of tenured civil service employees such as Mr. Vance, except to point out that laches is an equitable doctrine and its application does not depend solely upon the passage of time alone, but also upon the effects of delay upon the relative positions of the parties. *Holmberg v. Armbrecht,* 327 U.S. 392, 90 L. Ed. 743, 66 S. Ct. 582, 162 A.L.R. 719, 6 Wash. L. Rev. 191–93 (1931). Consequently, in the absence of a rule that prejudice is presumed from the fact of delay alone—because the public interest demands action, *cf. Conti v. Board of Civil Serv. Comm'rs,* 1 Cal. 3d 351, 461 P.2d 617, 82 Cal. Rptr. 337 (1969)—there must be a consideration of whether and to what extent the public employer has been prejudiced by the delay. See generally the cases gathered at the annotation, *Application of statute of limitations or doctrine of laches to certiorari,* 40 A.L.R.2d 1381 (1955). In this respect, we note the trial court here was presented with no evidence of actual prejudice to the City. Accordingly, it would have been incorrect for it to dismiss in reliance upon the doctrine of laches. *Cf. Shew v. Coon Bay Loafers, Inc.,* 76 Wn.2d 40, 455 P.2d 359 (1969).

The order dismissing plaintiff's action is affirmed.

PETRIE, C.J., and PEARSON, J., concur.