[No. 8701-1-I.   Division One.   January 12, 1981.]

ODEN INVESTMENT COMPANY, *Appellant,* v. THE CITY OF SEATTLE, ET AL, *Respondents.*

*Lycette, Diamond & Sylvester, John W. Hemplemann, John T. Petrie, Stephen Tangen,* and *Malcolm L. Edwards,* for appellant.

*Charles D. Brown, Hillis, Phillips, Cairncross, Clark & Martin,* and *Richard R. Wilson,* for respondents.

RINGOLD, J.—Oden Investment Company (Oden) appeals the dismissal of this action on the basis of untimeliness of its writ of review. The City of Seattle and intervenors cross–appeal the trial court's alternative ruling on the merits. We sustain the trial court's order of dismissal because of Oden's untimeliness in seeking its writ of review.

Oden sought a building permit from the City for the construction of a condominium consisting of two buildings, one seven and one eight stories tall.

The application was submitted on October 1, 1976. The Final Environmental Impact Statement (FEIS) required by the State Environmental Policy Act of 1971 (SEPA) was issued on April 11, 1977, and upon appeal to a city hearing examiner was upheld as adequate on June 22, 1977.

The FEIS listed 10 adverse impacts. On July 11, 1977, the Superintendent of the City Department of Buildings (Superintendent) denied the building permit on the basis that

the proposed project is inconsistent with the planned development for the area and will affect the ten above referenced elements singularly and cumulatively so as to cause a significant adverse environmental impact.

On July 15, 1977, Oden appealed the Superintendent's denial to the city hearing examiner. The United South Slope Residents (USSR), a neighborhood group opposing the condominium project, intervened in the appeal on July 28, 1977. On August 19, 1977, the city hearing examiner upheld the denial of the permit.

Forty days later, on September 28, 1977, Oden commenced a lawsuit which is not here involved, seeking damages and a declaratory judgment that the denial of the building permit was contrary to law, arbitrary and capricious and clearly erroneous.

On June 21, 1978, Oden sought a writ of review, a wholly separate cause from the declaratory judgment action challenging the city hearing examiner's decision upholding the denial of the building permit. Throughout these proceedings no notice was published as contemplated by former RCW 43.21C.080,[1] which would have begun a time period

---

[1] "(1) Notice of any action taken by a governmental agency may be publicized by the acting governmental agency, the applicant for, or the proponent of such action, in substantially the form as set forth in subsection (3) of this section and in the following manner:

"(a) By publishing notice on the same day of each week for two consecutive weeks in a legal newspaper of general circulation in the area where the property which is the subject of the action is located;

". . .

"(2) *Any action to set aside, enjoin, review, or otherwise challenge any such governmental action* for which notice is given as provided in subsection (1) of this section on grounds of noncompliance with the provisions of this chapter *shall be commenced within sixty days from the date of filing of the notice* with the department of ecology, the date of final newspaper publication, or date of mailing, if applicable, whichever is later, or be barred . . ." (Italics ours.) Former RCW 43.21C.080.

within which challenges could be lodged. The trial court determined that the petition was not timely and therefore dismissed it. To avoid the need for another hearing in the event his timeliness determination should be reversed on appeal, the trial court made an alternative determination on the merits that would require a remand to the Superintendent for additional findings.

Oden seeks to have this court reverse both the trial court's rulings and order that the permit be issued. We conclude that the writ was untimely and affirm the trial court's dismissal of the writ of review.

Oden contends (1) that *Vance v. Seattle,* 18 Wn. App. 418, 569 P.2d 1194 (1977), which holds that when there is no statutory limit for a writ of review the limit is the same as for an appeal, does not apply to this cause because RCW 43.21C.080 creates an unqualified statute of limitation; (2) that *Vance* applies only to review of judicial acts, and that the city hearing examiner's decision here was not judicial but rather administrative; (3) that the trial court's interpretation of RCW 43.21C.080, *viz.,* that it applies to everyone except the proponents of an agency action, is unconstitutional because it creates two classes of persons with respect to the time limitation for challenging a governmental action, and therefore violates the equal protection clause, *Hunter v. North Mason High School & School Dist. 403,* 85 Wn.2d 810, 539 P.2d 845 (1975); and (4) that if *Vance* is applicable, extenuating circumstances justify an extension of the time within which this writ should be allowed. *State ex rel. Alexander v. Superior Court,* 42 Wash. 684, 85 P. 673 (1906); *State ex rel. Lowary v. Superior Court,* 41 Wash. 450, 83 P. 726 (1906).

The primary inquiry, then, is whether RCW 43.21C.080 applies to this case. The trial court reasoned that RCW 43.21C.080 is primarily a means of providing constructive notice to the populace at large, thereby giving them an opportunity to respond, limited in time. Such a notice procedure, the trial court reasoned, provides the government and those relying upon governmental actions a

means of putting to a resolute end protests against the proposed project. Because the parties involved will necessarily have had notice, it makes no sense to extend the length of time within which they can seek review to the time allowed to those with only constructive notice. We agree with the trial court's reasoning. It is absurd to suggest that because a proponent of a governmental action publishes notice of a governmental action, he thereby limits the time within which he himself can petition for a writ, since he must necessarily have had actual notice before the publication. Absurd constructions of statutes are to be avoided. *Blondheim v. State,* 84 Wn.2d 874, 529 P.2d 1096 (1975). The time limit in RCW 43.21C.080 applies only to those who might learn of the proposed governmental action by means of the constructive notice provided therein. RCW 43.21C.080 does not provide a statutory limit so as to preclude application of the *Vance* rule to the parties.

■ Applying the test for determining whether an administrative act is legislative or judicial, the city hearing examiner's decision here sustaining the Superintendent's denial of the permit is clearly judicial. *Francisco v. Board of Directors,* 85 Wn.2d 575, 579, 537 P.2d 789 (1975). Further, the office of the city hearing examiner is an adjunct of the Seattle Municipal Court.[2] Courts make judicial, not legislative, decisions. Therefore, the applicability of the

---

[2] Former RCW 35.20.205 provides:

"The judges of the municipal court may employ judicial officers to assist in the administration of justice and the accomplishment of the work of the court as said work may be assigned to it by statute or ordinance. The duties and responsibilities of such officers shall be judicial in nature and shall be fixed by court rule as adopted by the municipal court judges or fixed by ordinance of the city. The mayor may appoint the judicial officers as judges pro tempore pursuant to RCW 35.20.200: *Provided,* That the judicial officer need not be a resident of the city.

"*To utilize the services of such judicial officers for the purpose of hearing contested matters relating to the interest of the city and its citizens and the operation of the various departments of the city, the city may by ordinance create the office of hearing examiner in the municipal court and assign to it judicial duties and responsibilities.*" (Italics ours.)

Seattle ordinance No. 106477, § 10(a) entitled "Office of Hearing Examiner," implements RCW 35.20.205 and provides:

*Vance* rule is not frustrated by the nature of the city hearing examiner's function.

Oden contends that the fact that *Vance* was rendered 10 days after the city hearing examiner's decision in this case is an extenuating circumstance warranting relaxation of the timeliness rule for writs of review. Only "very extraordinary extenuating circumstances" will justify a relaxation of the timeliness rule for extraordinary writs. *Seattle v. Bell,* 199 Wash. 441, 445, 92 P.2d 197 (1939). Despite the temporal proximity of the *Vance* opinion to the determination of the city hearing examiner, the common law of this state well before *Vance* recognized that the time limit for an extraordinary writ is limited by the same court rules governing appeals. *Pierce v. King County,* 62 Wn.2d 324, 333, 382 P.2d 628 (1963). Nor did the filing of the damage and declaratory judgment action extend the time to seek a writ of review. *Vance v. Seattle, supra. State ex rel. Blackman v. Superior Court,* 82 Wash. 134, 143 P. 889 (1914). We see no extenuating circumstance warranting a finding which would justify relaxing the timeliness rule.

■ Oden's equal protection argument was not presented below and we will not consider it for the first time on appeal. *Aripa v. Department of Social & Health Servs.,* 91 Wn.2d 135, 588 P.2d 185 (1978).

Affirmed.

JAMES, C.J., and CALLOW, J., concur.

Reconsideration denied February 17, 1981.

Review denied by Supreme Court April 17, 1981.

---

"(a) There is hereby created an Office of Hearing Examiner, the duties of which shall be judicial in nature for the purpose of conducting hearings in contested cases as provided in this ordinance, or other applicable ordinance; provided, that as of September 8, 1975 such office, in accordance with RCW 35.20.205, is hereby created in Seattle Municipal Court."

The judicial nature of the city hearing examiner's office and function is thus explicitly established by ordinance and statute.