[No. 10675-9-I.   Division One.   April 2, 1984.]

YOSHIO AKADA, ET AL, *Appellants,* v. PARK 12-01 CORPORATION, ET AL, *Respondents.*

*Evans, Quimby, Hall & Holman, Inc., P.S.,* and *Janet E. Quimby,* for appellants.

*Short & Cressman, Brian E. Lawler, Douglas N. Jewett, City Attorney,* and *Elizabeth A. Edmonds, Assistant,* for respondents.

SWANSON, J.—Appellants are property owners in the vicinity of the proposed Park 12–01 condominium project. They appeal the Superior Court's order dismissing their writ of certiorari, alleging that the Superior Court for King County applied the incorrect statute of limitations (14 days) to a review of the Seattle City Council's decision to uphold the issuance of a use permit. We affirm.

The chronology of significant dates is as follows:

March 18, 1981   Seattle hearing examiner affirms the issuance of the use permit to Park 12–01 Corporation.

April 2, 1981   Appellants timely appeal to the Seattle City Council (Urban Development and Housing Committee).

June 22, 1981  Seattle City Council affirms the issuance of the use permit, adopting findings of fact and conclusions.

July 6, 1981  14–day JCR 73 statute of limitations expires.

July 13, 1981  Appellants serve and file in Superior Court for King County an application for a writ of certiorari.

July 22, 1981  30–day State Environmental Policy Act of 1971 (SEPA)[1] statute of limitations expires.

The appeal to the superior court alleged noncompliance with SEPA and raised two procedural issues under section 19 of the City of Seattle SEPA ordinance 105735, as amended, and section 25.40 of Seattle's zoning ordinance. Determining that the proceedings of the Seattle City Council were analogous to judicial proceedings, the court applied the 14–day JCR 73 statute of limitations and dismissed appellant's writ of certiorari.

█ █  Our decision is governed by the line of cases beginning with *Vance v. Seattle,* 18 Wn. App. 418, 569 P.2d 1194 (1977). Vance had filed a writ of certiorari requesting the superior court to review the City Civil Service Commission's ruling which upheld his dismissal. On appeal to this court, we determined the Civil Service Commission's decision to be quasi judicial in nature and analogized the appeal to the superior court from the City Civil Service Commission to an appeal from a court of limited jurisdiction. Thus, we concluded that where, as here, there is no statute or court rule prescribing the time limit for seeking a writ of certiorari from a judicial or quasi–judicial proceeding, the court by analogy should apply the JCR 73(a) limitation (then 20 days), *i.e.,* the "limitation fixed by law for the prosecution of an appeal." *Vance,* at 424 (quoting *State ex rel. Lowary v. Superior Court,* 41 Wash. 450, 452, 83 P. 726 (1906)). *See Hough v. State Personnel Bd.,* 28 Wn. App. 884, 888, 626 P.2d 1017 (1981).

In the more recent case of *Oden Inv. Co. v. Seattle,* 28

[1]RCW 43.21C.010 *et seq.*

Wn. App. 161, 622 P.2d 882, *review denied,* 95 Wn.2d 1015 (1981), Oden filed a writ of review challenging the hearing examiner's decision which upheld the decision of the superintendent of the city Department of Buildings denying Oden a building permit because of a projected negative environmental impact. The writ of review was filed 10 months after the hearing examiner's decision, but before any notice had been published as contemplated in former RCW 43.21C.080. This court, having found the hearing examiner's decision to be judicial in nature, applied the JCR 73 limitation and specifically declined to apply the SEPA limitation, RCW 43.21C.080.

> The primary inquiry, then, is whether RCW 43.21C-.080 applies to this case. The trial court reasoned that RCW 43.21C.080 is primarily a means of providing constructive notice to the populace at large, thereby giving them an opportunity to respond, limited in time. Such a notice procedure, the trial court reasoned, provides the government and those relying upon governmental actions a means of putting to a resolute end protests against the proposed project. Because the parties involved will necessarily have had notice, it makes no sense to extend the length of time within which they can seek review to the time allowed to those with only constructive notice. We agree with the trial court's reasoning. . . . The time limit in RCW 43.21C.080 applies only to those who might learn of the proposed governmental action by means of the constructive notice provided therein. RCW 43.21C.080 does not provide a statutory limit so as to preclude application of the *Vance* rule to the parties.

*Oden,* 28 Wn. App. at 164–65.

Appellants contend that *Oden* is distinguishable because their appeal arises from the City Council rather than from the hearing examiner, whose office was statutorily created[2] as an adjunct of the municipal court. We are not convinced that the identity of the decisionmaking body determines the scope of review; rather, it is the nature of the proceeding from which the appeal emanates that is controlling.

---

[2]RCW 35.20.205.

*Francisco v. Board of Directors,* 85 Wn.2d 575, 537 P.2d 789 (1975). Consequently, it is also the nature of the proceeding from which the appeal emanates which determines the applicable statute of limitations. As recognized in *Oden,* where the parties seeking review of a judicial or quasi–judicial proceeding have actual notice of the proceeding, the 14–day JCR 73 limitation applies by analogy.

The City Council's decision here was judicial and not legislative in nature because: (1) the court could have made the determination made by the City Council; (2) historically, courts have performed duties similar to those discharged by the City Council in this matter; (3) the City Council reached its decision based upon existing facts, laws, and ordinances as they applied to particular parties and not as they affected the public in general; and (4) the City Council's actions—reviewing the record below, considering filed briefs, hearing oral arguments, and issuing findings of fact and conclusions of law—resembles the ordinary business of courts. *Grays Harbor Cy. v. Williamson,* 96 Wn.2d 147, 156, 634 P.2d 296 (1981); *Standow v. Spokane,* 88 Wn.2d 624, 631, 564 P.2d 1145, *appeal dismissed,* 434 U.S. 992 (1977); *Pentagram Corp. v. Seattle,* 28 Wn. App. 219, 225, 622 P.2d 892 (1981). Additionally, because the appellants here were parties to the action below, they necessarily had actual notice. Thus, the 14–day JCR 73 limitation should apply by analogy.

The cases cited by appellants are not dispositive. In *Dunstan v. Seattle,* 24 Wn. App. 265, 600 P.2d 674 (1979), *review denied,* 93 Wn.2d 1013 (1980), 2 years after receiving a building permit, modified solely upon SEPA considerations, the Dunstans sued the City alleging that the City's failure to issue an unmodified permit constituted tortious interference with business expectations and inverse condemnation. We applied the SEPA time limitation which barred appellants' lawsuit. *Dunstan* is not inconsistent with *Vance* and *Oden* for two reasons. First, because appellants failed to meet the longer statute of limitations (SEPA), it was unnecessary to discuss the actual and constructive

knowledge distinction discussed in the more recent *Oden* decision. Second, the *Dunstan* suit was in the nature of an original action, whereas the instant action is in the nature of an appeal.

In *Citizens Interested in the Transfusion of Yesteryear v. Board of Regents of UW,* 86 Wn.2d 323, 544 P.2d 740 (1976), the appellant's suit alleged that the defendants had failed to comply with SEPA requirements with respect to the issuing of building permits. The Supreme Court held that their complaint for declaratory and injunctive relief was filed beyond the SEPA (then 60–day) time limitation and dismissed their action. As in the *Dunstan* case, the court had no reason to distinguish between actual and constructive notice. Further, this was the appellant's first legal contact with the issue, unlike *Vance, Oden* and the case sub judice.

*Hayden v. Port Townsend,* 93 Wn.2d 870, 613 P.2d 1164 (1980), also cited by appellants, is not inconsistent with *Vance* and *Oden.*[3] It involved challenges to a rezone and the issuance of a building permit. Because the rezone challenge was barred by laches, no other defense to that challenge, *e.g.,* JCR 73, was necessarily considered.

Additionally, although the court permitted Hayden's challenge of the issuance of the building permit to continue, we cannot conclude that the SEPA 30–day limitation, rather than the JCR 73 limitation, applied. Despite the opinion's failure to identify an applicable limitation, it is certain that neither the JCR 73 limitation (then 20 days) nor the SEPA limitation were violated. Thus, the *Vance* and *Oden* limitations were satisfied.

The 30–day SEPA time limitation does apply to environmental impact statement issues. *Cathcart–Maltby–Clearview Comm'ty Coun. v. Snohomish Cy.,* 96 Wn.2d 201, 634 P.2d 853 (1981). *Cathcart* is inapposite, however, because

---

[3]Although *Save a Neighborhood Env't v. Seattle,* 101 Wn.2d 280, 676 P.2d 1006 (1984) partially overrules *Hayden v. Port Townsend,* 93 Wn.2d 870, 613 P.2d 1164 (1980), it does not affect our analysis here.

the appellants here do not challenge the sufficiency of the environmental impact statement, but only the procedure followed by the City Council. With regard to the rezoning challenge in *Cathcart,* which was not based upon environmental impact statement issues, the court concluded that the appellants needed to file only within a reasonable time, absent controlling statute or ordinance. This is not inconsistent with *Oden* and *Vance,* however, because the appellants in *Cathcart* had not participated in the initial rezone and master plan proposed hearings and, thus, would not have had the "actual" notice which formed the distinguishing factor in *Oden.* Moreover, as noted above, rezoning is subject to laches. *Hayden v. Port Townsend, supra.* Commencement of a writ of certiorari to review a quasi–judicial proceeding, on the other hand, is not subject to laches. *Pierce v. King Cy.,* 62 Wn.2d 324, 334, 382 P.2d 628 (1963).

In summary, because the Superior Court acted in an appellate capacity when reviewing a quasi–judicial decision by the Seattle City Council, because the appellants had actual notice, and because there was no statute or court rule prescribing the appropriate time limitation, we reaffirm the *Vance* and *Oden* reasoning and apply the 14–day JCR 73 statute of limitations by analogy.

CORBETT, A.C.J., concurs.

WILLIAMS, J. (concurring)—I agree with the majority's conclusion that *Oden Inv. Co. v. Seattle,* 28 Wn. App. 161, 622 P.2d 882, *review denied,* 95 Wn.2d 1015 (1981) and *Vance v. Seattle,* 18 Wn. App. 418, 569 P.2d 1194 (1977) require affirmance.

Reconsideration denied May 22, 1984.

Review granted by Supreme Court October 25, 1984.