[No. 11328-3-I.   Division One.   April 11, 1984.]

NORM RAY ADAMS, *Appellant,* v. THE BOARD OF APPEALS
FOR KING COUNTY, ET AL, *Respondents.*

*Victor V. Hoff,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jack G. Johnson, Deputy,* for respondents.

SWANSON, J.—This appeal presents one issue: absent statute, ordinance or court rule, what is the applicable appeal period for filing an application for a writ of certio-

rari in superior court to seek a review of a decision by the Board of Appeals for King County affirming the imposition of civil penalties for violations of the business license laws?

■ This issue is governed by the line of cases beginning with *Vance v. Seattle,* 18 Wn. App. 418, 569 P.2d 1194 (1977), in which we held that where the decisionmaking agency acted in a quasi–judicial capacity and the superior court acted in an appellate capacity, where the appellants had actual notice of the decision, and where there was no statute or court rule prescribing the time limit for seeking a writ of certiorari, the court by analogy should apply the "limitation fixed by law for the prosecution of an appeal." *Vance,* at 424 (quoting *State ex rel. Lowary v. Superior Court,* 41 Wash. 450, 452, 83 P. 726 (1906)). Thus, we applied the limitation set forth in the rules governing appeals from courts of limited jurisdiction (presently 14 days under JCR 73 and RALJ 2.5).

Adams concedes that each of these elements were fulfilled in this appeal: the Board of Appeals for King County acted in a quasi–judicial, rather than legislative, manner; the Superior Court acted in an appellate capacity; Adams had actual notice of the proceeding and decision; and there is no statute or court rule prescribing the appropriate time limitation.

Adams contends, however, that the type of tribunal making the decision is determinative. As we stated in *Akada v. Park 12–01 Corp.,* 37 Wn. App. 221, 224–25, 678 P.2d 1314 (1984), however,

We are not convinced that the identity of the decision-making body determines the scope of review; rather, it is the nature of the proceeding from which the appeal emanates that is controlling. *Francisco v. Board of Directors,* 85 Wn.2d 575, 537 P.2d 789 (1975). Consequently, it is also the nature of the proceeding from which the appeal emanates which determines the applicable statute of limitations. As recognized in *Oden [Inv. Co. v. Seattle,* 28 Wn. App. 161, 622 P.2d 882, *review denied,* 95 Wn.2d 1015 (1981)], where the parties seeking review of a judicial or quasi–judicial proceeding have

actual notice of the proceeding, the 14–day JCR 73 limitation applies by analogy.

To support his second argument that the subject matter of the proceedings is determinative, Adams draws our attention to the various statutes collected in the comments to RAP 5.2 which provide 5– to 60–day time limitations for appeals based upon the subject matter of the proceedings, *e.g.*, eminent domain, election contests, and review of utility assessments. Additionally, Adams points out that other statutes supply varying time limitations for seeking review of occupational licensing proceedings. *See, e.g.*, RCW 18.36.040 (90 days to appeal refusal to grant, or revocation of, a license to practice drugless therapeutics); RCW 18.36-.230 (10 days to file writ of review when a drugless healing license has been revoked after a hearing); RCW 18.78.155 (appeal of revocation of nursing license is governed by the administrative procedure act, RCW 34.04). Although the subject matter of the proceedings has engendered legislative variations of the standard 14– or 30–day appeal periods prescribed in the various court rules, we deem it appropriate to follow the natural progression of *Vance* and its progeny, apply the JCR 73 limitation by analogy, and await a legislative variation.

Adams also contends that the 30–day administrative procedure act limitation should apply because a decision of the Board of Appeals, like decisions of State administrative agencies, must be in writing and "rendered to the appellant", unlike the 14–day JCR 73 limitation which commences to run after the judgment is "rendered or decision made." JCR 73(b). The latter ordinarily, but not always, occurs at the close of trial when all parties are present, the former only when the written decision is served in person or by mail. We are not persuaded that such a distinction warrants extending the appeal limitation period beyond 14 days. At most, it suggests that the appeal period should not commence to run until "rendered to the appellant." However, because Adams failed to act within 14 days of his acknowledged receipt of the written decision, we need not

decide that issue.

Finally, Adams draws our attention to *Coupeville Sch. Dist. 204 v. Vivian,* 36 Wn. App. 728, 677 P.2d 192 (1984). That case is not dispositive of the issue here, however, for the same reason elucidated at page 731 of that opinion when distinguishing *Vance.*

In summary, because the Superior Court acted in an appellate capacity when reviewing a quasi–judicial agency decision, because Adams had actual notice of the agency's decision, and because there was no statute or court rule prescribing the appropriate time limitation, we reaffirm *Vance* and its progeny and apply the 14–day JCR 73 limitation by analogy.

Judgment affirmed.

CORBETT, A.C.J., and JOHNSEN, J. Pro Tem., concur.