[No. 21994–4–I.   Division One.   October 23, 1989.]

DENNIS R. DAVIDSON, ET AL, *Appellants*, v. VERN THOMAS, *Respondent*.

*Mark Watanabe*, for appellants.

*Norm Maleng, Prosecuting Attorney*, and *Kathryn Killinger, Deputy*, for respondent.

WILLIAMS, J.*—Appellants Davidson and Barene, d/b/a Big B's Towing Co., appeal from the superior court dismissal of their petition for a writ of review of a Department of Public Safety decision to remove Big B's Towing from a county list of approved towing firms. We reverse and remand.

On November 13, 1987, the King County Department of Public Safety removed Big B's from a county–approved list of towing firms for an alleged violation of the county's towing company requirements. On November 24, 1987, Big B's appealed the County's decision to respondent, Vern Thomas, Sheriff/Director of King County Department of Public Safety. On December 4, 1987, Thomas issued a final decision upholding the Department's decision.

On December 18, 1987, Big B's filed a petition for writ of review and writ of prohibition and complaint for declaratory and injunctive relief in King County Superior Court. On that date also the petition and complaint were served upon a King County civil deputy prosecutor. The clerk of the King County Council was served on January 5, 1988.

At a show cause hearing on February 1, 1988, King County moved to dismiss the petition and complaint on the ground that the petition was not timely served on the clerk of the King County Council. The Superior Court granted the motion, ruling that failure to timely serve the clerk barred the appeal. Big B's subsequently moved for reconsideration. The court denied the motion.

Big B's contends that the court erred in dismissing the action. It first contends that the service requirement is controlled by the holding in *North Street Ass'n v. Olympia*, 96 Wn.2d 359, 635 P.2d 721 (1981), which allowed 90 days after filing for service. We disagree. *North Street* is distinguishable. In that case, a writ of review was permitted as a matter of right by statute and ordinance. Because the applicable code provisions did not expressly provide for

---

*Judge William H. Williams is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

service of process, the court held that notice and service were controlled by CR 3(a) and RCW 4.16.170, thus allowing the applicant an additional 90 days after filing. *North Street,* at 366–67.

■ CRLJ 73(b) (formerly JCR 73(b)) has been held to govern the filing of a writ of review of a decision–making agency acting in a quasi–judicial capacity. *Adams v. Board of Appeals,* 37 Wn. App. 334, 678 P.2d 1263 (1984). Unlike the code provisions in *North Street,* CRLJ 73(b) has an express provision for service.

CRLJ 73(b) provides:

> When an appeal is permitted by law from a court of limited jurisdiction to a superior court such appeal shall be taken by filing in the court of limited jurisdiction a notice of appeal within 14 days after the judgment is rendered or decision made. Filing the notice of appeal is the only jurisdictional requirement for an appeal. A party filing a notice of appeal shall also, within the same 14 days, serve a copy of the notice of appeal on all other parties or their lawyers and file an acknowledgment or affidavit of service in the court of limited jurisdiction.

In *Adams v. Board of Appeals, supra* at 335, the issue was the proper appeal period for filing an application for writ of certiorari in the superior court. The appellant sought review of a decision by the King County Board of Appeals affirming the imposition of civil penalties for violations of business license laws. *Adams* followed *Vance v. Seattle,* 18 Wn. App. 418, 569 P.2d 1194 (1977), in holding that

> where the decisionmaking agency acted in a quasi–judicial capacity and the superior court acted in an appellate capacity, where the appellants had actual notice of the decision, and where there was no statute or court rule prescribing the time limit for seeking a writ of certiorari, the court by analogy should apply the 'limitation fixed by law for the prosecution of an appeal.'

*Adams,* at 335. The court then cited the 14–day period in both CRLJ 73(b) and RALJ 2.5. The parties here agree that under *Adams,* CRLJ 73 controls the time limit for *filing* the notice of appeal. The Department of Public Safety was acting in a quasi–judicial capacity when it removed the towing firm's name from the approved list. Big B's had

actual notice of the decision and the parties have not cited, nor have we discovered, any statute or court rule specifically prescribing the appropriate time limitation. *Adams,* at 335. The parties here do not dispute the applicability of CRLJ 73(b) to filing. We hold that its service provision also applies.

Big B's contends that even if the 14–day period of CRLJ 73(b) applies, it complied by serving a King County deputy prosecutor on December 18, 1987. Big B's cites that portion of CRLJ 73(b) which allows for service *upon a party or its lawyer.* We note that the record does not reveal whether the deputy prosecutor served actually represented the Department at that time. In any event, we do not reach this issue because we find that Big B's service on the clerk was sufficient to defeat the motion to dismiss.

■ Service on the clerk of the King County Council is required by RCW 4.28.080(1)[1] and King County Code § 2.04.010[2] in actions against the County. The parties apparently agree that the clerk is the designated agent of the County for purposes of service. This requirement expressly applies to service of summons in commencing an action. We conclude that it applies here to service of the summons and petition for writ of review. *Meadowdale Neighborhood Comm. v. Edmonds,* 27 Wn. App. 261, 616 P.2d 1257 (1980).

Big B's contends that its action should not have been dismissed because the plain language of CRLJ 73(b) indicates the 14–day service rule is not jurisdictional. The rule

---

[1]RCW 4.28.080 provides:

"The summons shall be served by delivering a copy thereof, as follows:

"(1) If the action be against any county in this state, to the county auditor or, during normal office hours, to the deputy auditor, or in the case of a charter county, summons may be served upon the agent, if any, designated by the legislative authority."

[2]King County Code § 2.04.010 provides:

"Service of summons upon council clerk. For the purpose of summons on King County under provisions of RCW 4.28.080, the person to be served is the clerk of the county council."

states that the only jurisdictional requirement is the filing of the notice of appeal. Here, the clerk was served some 20 days after the 14–day period expired. If, as Big B's contends, the failure to serve the clerk within 14 days is not jurisdictional, then the petition should not have been dismissed. *See State v. Ashbaugh,* 90 Wn.2d 432, 438, 583 P.2d 1206 (1978); *Collins v. Lomas & Nettleton Co.,* 29 Wn. App. 415, 628 P.2d 855 (1981).

King County contends that Big B's cannot raise this issue for the first time on appeal. This contention is without merit. The County's own argument before the trial court and the clear language of CRLJ 73(b) squarely placed the issue before the trial court.

█ The parties have not cited, nor have we discovered, any authority interpreting the language of this sentence of CRLJ 73(b). However, RALJ 2.4(a) has an identical provision. Because the RALJ and CRLJ rules are complementary, *see* RALJ 1.1 and CRLJ 73(a), interpretation of the former is instructive as to the latter. The RALJ provision is analogous authority for determining the service requirement. *See Adams,* at 335.

█ Under RALJ 2.4(a) and 2.5(a), a party seeking review must file a notice of appeal in the superior court within 14 days after the final decision for which appeal is sought. The filing requirement "is the only jurisdictional requirement for an appeal." RALJ 2.4(a). RALJ 2.4 requires the appellant then to "immediately serve" notice on all other parties.[3] Under RALJ 10.2(a), the superior court "will", on a party's motion, dismiss for failure to timely file a notice of appeal. The rule does not provide for dismissal for failure to serve in a timely manner. This court in *State v. Mayville,* 36 Wn. App. 174, 175, 672 P.2d 770 (1983), held that *filing* of a notice of a RALJ appeal within 14 days "is jurisdictional and should not be extended" in the absence of compelling and extraordinary circumstances.

---

[3]The previous rule required the appellant to file and serve "simultaneously." 4A L. Orland, Wash. Prac. § 7514 (Supp. 1989).

However, this jurisdictional requirement has been interpreted to allow for an appeal even if the filing fee is not paid *and the other parties have not been notified.* 4A L. Orland, Wash. Prac. § 7512 (3d ed. 1983); *see also Schmitt v. Matthews,* 12 Wn. App. 654, 531 P.2d 309 (1975) (requirement under former appellate rules that appellant mail notice of appeal to opposing party on day of filing not jurisdictional and did not warrant dismissal). Consequently, the correct remedy for late service is not dismissal, although we note that sanctions may be appropriate.[4] *State v. Ashbaugh, supra* at 438. Finally, we note that at oral argument, the County was unable to identify any prejudice resulting from the late service, nor does the record reveal any. The County had notice of the action. In the absence of prejudice, late service in the circumstances of this case does not warrant dismissal. *See Schmitt v. Matthews, supra* at 657.

Following the above authorities, we hold that the service requirement of CRLJ 73(b) is not jurisdictional and therefore the trial court should not have dismissed the petition for writ of review. This result comports with the modern trend of the law to interpret court rules and statutes to allow decision on the merits of the case. *Weeks v. Chief of Wash. State Patrol,* 96 Wn.2d 893, 895–96, 639 P.2d 732 (1982).

We therefore reverse and remand for further proceedings.

COLEMAN, C.J., and PEKELIS, J., concur.

---

[4]We reject the County's contention that dismissal is mandated by the rule that strict compliance is required with statutes naming particular persons to be served in actions against municipalities. *See Nitardy v. Snohomish Cy.,* 105 Wn.2d 133, 712 P.2d 296 (1986); *Meadowdale Neighborhood Comm. v. Edmonds, supra.* In those cases there is no indication that the designated person was *ever* served. Here, the clerk was served, albeit in an untimely manner.